UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARA OLSON,

       Plaintiff,

v.                                                 Case No. 2012-

HCC EVALUATIONS, LLC,               Wayne County Circuit Court
JARED B. COHEN,                          Case No. 2012-007321-NZ
OVER THE RAINBOW, LLC              Honorable Jeanne Stempien
and EDWARD G. LARSON,

       Defendants.
_____/

DEFENDANTS HCC EVALUATIONS, LLC'S
AND JARED B. COHEN'S NOTICE OF REMOVAL
TO UNITED STATES DISTRICT COURT,
<u>EASTERN DISTRICT - SOUTHERN DIVISION</u>

TO:    United States District Court          Honorable Jeanne Stempien
        Eastern District / Southern Division    Wayne County Circuit Court
        Theodore Levin U.S. Courthouse       1719 CAYMC
        231 West Lafayette Boulevard         2 Woodward Avenue
        Detroit, Michigan 48226                Detroit, Michigan 48226

        Chris E. Davis (P52159)
        Michigan Protection & Advocacy Service, Inc.
        4095 Legacy Parkway, Suite 500
        Lansing, Michigan 48911

      NOW COME Defendants, HCC Evaluations, LLC and Jared B. Cohen, by and through their attorney, Schwartz Law Firm, P.C., and for their Notice of Removal pursuant to 28 U.S.C. §1446(a) state:

      1.      Plaintiff is Sara Olson.  Defendants are HCC Evaluations, LLC, Jared B. Cohen, Over the Rainbow, LLC and Edward G. Larson.  Defendants, Over the Rainbow, LLC and Edward G. Larson, join in this Notice of Removal and thereby consent to the removal of this action.

2. On May 31, 2012, Plaintiff filed suit against Defendants for alleged violations of the Americans With Disabilities Act, 42 U.S.C. §12101 *et seq.* and the Michigan Persons With Disabilities Civil Rights Act, MCL 37.1101 *et seq.*, as well as for negligent infliction of emotional distress under Michigan state common law. Exhibit A.

3. Plaintiff filed the above-referenced lawsuit in the Third Circuit Court for Wayne County in Detroit, Michigan and requested a jury trial.

4. Defendants, HCC Evaluations, LLC and Jared B. Cohen, were served with the lawsuit on June 8, 2012.

5. Removal is proper because Plaintiff's ADA claims arise under the laws of the United States, and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367(a), this Court has jurisdiction.

6. Copies of all pleadings, process, orders and other filings in the State Court suit are attached to this Notice as required by 28 U.S.C. §1446(a).

7. Venue is proper in this District under 28 U.S.C. §1441(a) because the State Court where the suit has been pending is located in this District.

8. Defendants will promptly file a copy of this Notice of Removal with the Clerk of the State Court where this suit has been pending.

WHEREFORE, Defendants give notice that the above-captioned action now pending against them in Wayne County Circuit Court is hereby removed to this Court on the basis of 28 U.S.C. §1331 and 28 U.S.C. §1367(a).

SCHWARTZ LAW FIRM, P.C.

By: /s/ Jay A. Schwartz
Attorney for Defendants -
HCC Evaluations and Jared B. Cohen
37887 West Twelve Mile Road, Suite A
Farmington Hills, Michigan 48331
(248) 553-9400
jschwartz@schwartzlawfirmpc.com
Dated: June 25, 2012 (P45268)

# EXHIBIT A

STATE OF MICHIGAN
IN THE THIRD JUDICIAL CIRCUIT COURT
FOR COUNTY OF WAYNE

SARA OLSON

    Plaintiff,

v.

HCC EVALUATIONS, LLC,
JARED B. COHEN,
OVER THE RAINBOW, LLC
and EDWARD G. LARSON

    Defendants.
_____/

CHRIS E. DAVIS (P52159)
*Attorney for Plaintiff*
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
4095 Legacy Parkway, Suite 500.
Lansing MI 48911
Phone: (517) 487-1755
Fax: (517) 487-0827
E-mail: cdavis@mpas.org.
_____/

OLSON, SARA v HCC EVALUATIONS LLC
Hon. Jeanne Stempien    05/31/2012

12-007321-NZ

There is no other pending or resolved civil action out of
the transaction or occurrence alleged in the complaint.

## COMPLAINT - JURY DEMAND

### INTRODUCTION

The PLAINTIFF, through her counsel, states:

1. The Plaintiff, Sara Olson, brings this action for damages, injunctive and declaratory relief, against the Defendants, HCC Evaluations, LLC, Jared B. Cohen, Over The Rainbow, LLC, and Edward G Larsen, for their individual and

joint violations of the Americans With Disabilities Act Amendments Act of 2008 (hereafter "ADA-AA"), and the Michigan Persons With Disabilities Civil Rights Act (hereafter "PDCR") for failing to provide the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of a public accommodation. The Defendants have chosen not to remove architectural barriers, the removal of which is readily achievable; these architectural barriers have the effect of imposing eligibility criteria that tends to screen out individuals with disabilities.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of all civil actions except as otherwise provided pursuant to M.C.L. 600.605.

3. Venue is proper in this court pursuant to M.C.L. 600.1627 and is based on all or part of the action arising out of the City of Livonia, Wayne County, State of Michigan.

## PARTIES

4. Upon information and belief, HCC Evaluations, LLC (hereafter "HCC") is a medical office where disability evaluations are performed for the U.S. Social Security Administration (hereafter "Social Security Administration") and other purposes.

5. Jared B. Cohn is the managing member of HCC.

6. HCC's office is located at: 32160 Schoolcraft Rd, Livonia, Michigan, which is part of a larger single building with several offices whose addresses range from 32160-32200 Schoolcraft Rd., Livonia, Michigan.

7. Over The Rainbow, LLC (hereafter "OTR") is the owner of the building at 32160-32200 Schoolcraft Rd., Livonia, Michigan.

8. Edward G. Larson is the managing member of OTR.

9. Upon information and belief, Defendants HCC and OTR have additional co-members/owners, the identity and roles of whom will be learned through discovery. Plaintiff will amend her complaint to add these parties once their identity and roles are learned.

10. Plaintiff, Sara Olson (hereafter "Plaintiff" or "Mrs. Olson"), was born with a condition known as Bilateral Proximal Focal Femoral Deficiency (hereafter "Bilateral-PFFD"). Mrs. Olson was born without a femur bone in either of her legs.

11. Bilateral-PFFD is a physical impairment which substantially limits major life activities for Mrs. Olson, including but not limited to: walking, standing, lifting, and bending.

## FACTS

12. OTR and/or Edward G. Larson at all times relevant to this complaint were and are the owners, operators, lessors, lessees, franchisers, and/ or franchisees of the property commonly known as 32160-32200 Schoolcraft Rd., Livonia, Michigan,

3

which is the location of several professional offices including medical, accounting and dentistry offices.

13. Upon information and belief, Plaintiff alleges that Defendants HCC and/or Jared B. Cohen, either individually or jointly, lease from Defendant OTR and/or Edward G. Larsen, office space located at 32160 Schoolcraft Rd., Livonia, Michigan, for the purpose of operating a place of public accommodation, a medical office.

14. Plaintiff, upon information and belief, alleges that each and all of the Defendants named in this complaint–HCC, Jared B. Cohn, OTR, and Edward G. Larson–is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated in this complaint within the scope of such agency, employment or representative capacity, and is responsible in some manner for the acts and omissions of the other Defendants in causing the damages listed in this complaint, and have approved and/or ratified each of the acts or omissions of each of the other Defendants.

15. Plaintiff, upon information, and belief alleges that all Defendants named in this complaint conspired to commit the acts described in this complaint or alternatively consented, concurred, cooperated, aided, and/or abetted one another in the performance of the wrongful acts and omissions alleged in this complaint.

16. On February 22, 2012, Mrs. Olson attended an appointment at the office of HCC for the purpose of having a disability examination.

4

17. This appointment was scheduled by the Social Security Administration as part of a periodic review of her disability status. Mrs. Olson was required to appear at this appointment by the Social Security Administration or risk losing her benefits.

18. At the time of her appointment, Mrs. Olson required the use of a wheelchair.

19. Mrs. Olson usually needs a wheelchair for long distances and periodically for short and long distances as a result of pain or fatigue related to her Bilateral-PFFD.

20. Additionally, Mrs. Olson had recently had surgery that required the use of a wheelchair at all times during her recovery.

21. Unfortunately, Mrs. Olson was unable to enter the office of HCC on her own because there is a 4-plus inch step up from the sidewalk at the door going into the office of HCC which her wheelchair could not go over.

22. Also, there is approximately a 1-2 inch step up to the sidewalk from the pavement of the parking lot leading to the office of HCC.

23. There is a small ramp from the pavement onto the sidewalk, but it is not painted or marked as a "handicap" accessible ramp, there are no signs indicating there is such a ramp, and there are only non-handicap parking spaces marked as reserved for a neighboring business, abutting and potentially blocking entrance to the ramp.

24. There is a second ramp on the opposite side of the building. This ramp has a sign and handicap parking but, because it is on the opposite side of the building, it is not visible from the doorway of HCC's office.

25. There are no signs at HCC's office indicating where to find either of the ramps.

26. These ramps allow access on to the sidewalk only and do <u>nothing</u> in regard to the 4-plus inch door step into HCC's office from the sidewalk.

27. The door to HCC's office is difficult to open even for persons without disabilities and has sign informing the public they need to "PUSH HARD" to open it.

28. When Mrs. Olson found she could not get into HCC's office, her mother, who had accompanied her, entered HCC and asked the woman at the front desk if there was another entrance Mrs. Olson could use to enter their office while in her wheelchair.

29. Mrs. Olson's mother was told there are no other entrances.

30. Mrs. Olson's mother was also told that the office has a ramp, but the man who puts it down was not in the office that day.

31. The woman behind the desk did not offer to assist in putting down the ramp.

32. Mrs. Olson was required to climb out of her chair and scoot across the floor to gain entry to office. Again, she was required by the Social Security Administration to attend this appointment.

33. Plaintiff continues to receive Social Security benefits and is subject to being required by the Social Security Administration to return to the offices of HCC for future evaluations.

34. HCC and/or Jared B. Cohen operate a medical office which is open to public and is operated out of a building owned by OTR and/or Edward G. Larson.

35. The medical office, including but not limited to, parking spaces, access routes, and doors are each part of a "public accommodation" subject to the requirements of ADA-AA and the PDCR.

36. Upon information and belief, the property 32160-32200 Schoolcraft Rd., Livonia, Michigan, has had numerous alterations since 1993, according to building permits issued by the City of Livonia, including but not limited to:

    a. Permit PC1980, Building, issued 6-23-1993;

    b. Permit PP3576, Pluming, issued 7-08-1993;

    c. Permit PE6975, Electrical, issued 7-9-1993;

    d. Permit PC3061, Building, issued 5-1-1995;

    e. Permit PC3062, Building, issued 5-1-1995;

    f. Permit PC3428, Building, issued 11-15-1995;

    g. Permit PC3858, Building, issued 8-28-1996;

    h. Permit PE15275, Electrical, issued 9-16-1996

    i. Permit PP9092, Plumbing, issued 9-26-1996;

    j. Permit PS2606, Sign, issued 10-21-1996;

    k. Permit PC5481, Building, issued 9-9-1999;

    l. Permit PS04-0267, Sign, issued 8-2-2004;

    m. Permit PC05-0477, Commercial, issued 11-16-2005;

    n. Permit PC07-0254, Commercial, issued 6-29-2007;

    o. Permit PC08-0104, Commercial, issued 3-11-2008;

    p. Permit PC11-0176, Commercial, issued 5-6-2011;

    q. Permit PC11-0398, Commercial, issued 11-28-2011:

    r. Permit PC12-0091, Commercial, issued 3-1-2012;

    s. Permit PE12-0173, Electrical, issued 3-5-2012;

    t. Permit PP12-0136, Plumbing, issued 3-12-2012;

    u. Permit PR12-0108, Refrigeration, issued 4-16-2012; and,

    v. Permit PM12-0386, Mechanical, issued 4-16-2012.

37. Due to the numerous alterations, the building located at 32160-32200 Schoolcraft Rd., Livonia, Michigan, is subject to the accessibility requirements of the ADA-AA and the PDCR.

38. The numerous building alterations, modifications, and improvements demonstrate that all of the named Defendants had the means and the opportunity to remove the architectural barriers in question but choose not to do so.

39. Each and every Defendant named in this complaint, individually and/or jointly discriminated against the Plaintiff on the basis of her disability by:

    a. Failing to provide the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of a public accommodation;

    b. Failing to remove architectural barriers, the removal of which was readily achievable, to make the facility accessible and usable by individuals with disabilities; and

    c. Imposing eligibility criteria the aforementioned architectural barriers that screens out or tends to screen out individuals with disabilities.

40. Plaintiff suffered and will suffer emotional distress, mental distress, mental suffering, mental anguish, including shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with disability being denied access to a public accommodation.

41. Each and all named Defendants' actions and/or failure to act are the direct and proximate cause of Plaintiff's damages.

42. All of Plaintiff's damages as stated are in an amount within the jurisdiction of this Court.

## COUNT I – VIOLATION OF THE ADA-AA
## FAILURE TO REMOVE ARCHITECTURAL BARRIERS

43. Plaintiff incorporates and re-alleges paragraphs 1 through 42, as if fully set forth herein.

44. Sara Olson is and at all times relevant to this complaint a "person with a disability" as that term is defined under the ADA-AA, in that she has an impairment, Bilateral-PFFD, which substantially limits several major life activities, including but not limited to, walking, standing, lifting, and bending. 42 U.S.C. § 12101.

45. Defendants HCC and Jared B. Cohen at all times relevant to this complaint are the owners, operators, lessors, lessees, franchisers, and/ or franchisees of a medical office that is public accommodation, as that term is defined under ADA-AA. 42 U.S.C. § 12181(7)(F).

46. Defendants OTR and/or Edward G. Larson at all times relevant to this complaint were the owners, operators, lessors, lessees, franchisers, and/ or franchisees of a medical office that is public accommodation and/or commercial facility, as those terms are defined under ADA-AA. 42 U.S.C. § 12181 (2) and (7)(F).

47. Each and every Defendant named in this complaint, individually or jointly operates a place of public accommodation, a medical office, commercial facility, and/or professional office building.

48. Each and every Defendant named in this complaint, individually or jointly, failed to make the building accessible by removing architectural barriers, when such removal was readily achievable, including but not limited to the following items:

    a. Provide markings and signage for an already existing ramp and remove non-handicap designated parking sites abutting the ramp;

    b. Raise sidewalk so that it is flush with the door into the offices of HCC;

    c. Install exterior doors that are easily opened and are the proper size to allow for wheelchairs; and

    d. Provide alternative means to access services that would have provided equal access.

49. As described in the preceding paragraph, each and every Defendant named in this complaint, individually or jointly, discriminated against the Plaintiff on the basis of disability by denying her the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of a public accommodation in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

### COUNT II – VIOLATION OF THE ADA-AA
### IMPOSITION OF CRITERIA THAT TENDS TO SCREEN OUT
### INDIVIDUALS WITH DISABILITIES

50. Plaintiff incorporates and re-alleges paragraphs 1 through 49, as if fully set forth herein.

51. Sara Olson is and at all times relevant to this complaint a "person with a disability" as that term is defined under the ADA-AA, in that, she has an impairment, Bilateral-PFFD, which substantially limits several major life

activities, including but not limited to walking, standing, lifting, and bending. 42 U.S.C. § 12101.

52. Defendants HCC and Jared B. Cohen at all times relevant to this complaint are the owners, operators, lessors, lessees, franchisers, and/ or franchisees of a medical office that is public accommodation, as that term is defined under ADA-AA. 42 U.S.C. § 12181(7)(F).

53. Defendants OTR and/or Edward G. Larson at all times relevant to this complaint were the owners, operators, lessors, lessees, franchisers, and/ or franchisees of a medical office that is public accommodation and or commercial facility, as those terms are defined under ADA-AA. 42 U.S.C. § 12181 (2) and (7)(F).

54. Each and every Defendant named in this complaint, individually or jointly operates a place of public accommodation, a medical office, commercial facility, and/or professional office building.

55. The failure of the Defendants to remove architectural barriers, as described in preceding paragraphs, has the effect of imposing eligibility criteria that screens out or tends to screen out individuals with disabilities from the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation being offered by the Defendants in violation of 42 U.S.C. § 2182(b)(2)(A)(i).

### COUNT III – VIOLATION OF ADA-AA
### FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

56. Plaintiff incorporates and re-alleges paragraphs 1 through 55, as if fully set forth herein.

57. Sara Olson is and at all times relevant to this complaint a "person with a disability" as that term is defined under the ADA-AA, in that, she has an impairment, Bilateral-PFFD, which substantially limits several major life activities, including but not limited to walking, standing, lifting, and bending. 42 U.S.C. § 12101.

58. Defendants HCC and Jared B. Cohen at all times relevant to this complaint are the owners, operators, lessors, lessees, franchisers, and/ or franchisees of a medical office that is public accommodation, as that term is defined under ADA-AA. 42 U.S.C. § 12181(7)(F).

59. Defendants HCC and Jared B. Cohen individually or jointly operates a place of public accommodation, a medical office.

60. Defendants HCC and Jared B. Cohen failed to provide a reasonable accommodation, as described in preceding paragraphs, when they failed to put down a portable ramp they allegedly had that would have allowed the Plaintiff to access their medical office in violation of 42 U.S.C. § 2182(b)(2)(A)(ii) and(iii).

61. If the ramp existed putting it out would not have placed an undue burden on the defendants.

### COUNT IV – VIOLATION OF THE PDCR
### DENIAL OF THE FULL AND EQUAL ENJOYMENT OF A
### PLACE OF PUBLIC ACCOMMODATION

62. Plaintiff incorporates and re-alleges paragraphs 1 through 61, as if fully set forth herein.

63. Sara Olson is and at all times relevant to this complaint is a "person with a disability" as that term is defined under Article 3, of PDCR, in that, she has an

impairment, Bilateral-PFFD, which substantially limits several major life activities, including but not limited to walking, standing, lifting, and bending. M.C.L. 37.1103(d).

64. Defendants HCC and Jared B. Cohen at all times relevant to this complaint were the owners, operators, lessors, lessees, franchisers, and/or franchisees of a medical office that is a public accommodation, as that term is defined under Article 3, of the PDCR. M.C.L. 37.1301(a).

65. Defendants OTR and/or Edward G. Larson at all times relevant to this complaint were the owners, operators, lessors, lessees, franchisers, and/ or franchisees of a medical office that is public accommodation as that term is defined under Article 3, PDCR. M.C.L. 37.1301(a).

66. Each and every Defendant named in this complaint, individually or jointly operates a place of public accommodation, a medical office, commercial facility, and/or professional office building.

67. The actions or failure to act by each and every Defendant, by failing to remove architectural barriers denied the Plaintiff full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation or public service because of her disability in violation of M.C.L. 37.1302(a).

## COUNT V – VIOLATION OF PDCR
## FAILURE TO PROVIDE A REASONABLE ACCOMMODATION

68. Plaintiff incorporates and re-alleges paragraphs 1 through 67, as if fully set forth herein.

69. Sara Olson is and at all times relevant to this complaint is a "person with a disability" as that term is defined under Article 3, of PDCR, in that, she has an impairment, Bilateral-PFFD, which substantially limits several major life activities, including but not limited to walking, standing, lifting, and bending. M.C.L. 37.1103(d).

70. Defendants HCC and Jared B. Cohen at all times relevant to this complaint were the owners, operators, lessors, lessees, franchisers, and/or franchisees of a medical office that is a public accommodation, as that term is defined under Article 3, of the PDCR. M.C.L. 37.1301(a).

71. Defendants HCC and Jared B. Cohen individually or jointly operates a place of public accommodation, a medical office.

72. Defendants HCC and Jared B. Cohen failed to provide a reasonable accommodation, as described in preceding paragraphs, when they refused to put down a ramp which was allegedly on the premises and would have allowed plaintiff physical access to the office, this failure to accommodate Sara Olson, a person with a disability, in a place of public accommodation violates M.C.L. 37.1102.

73. Providing this accommodation would not create an undue burdan on either Defendant.

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

74. Plaintiff incorporates and re-alleges paragraphs 1 through 61, as if fully set forth herein.

75. As detailed in previous paragraphs, each and every named Defendant in this action owed a duty to the Plaintiff to remove architectural barriers so she could enjoy the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of HCC's medical office.

76. As detailed in previous paragraphs, each and every named Defendant in this action individually and/or jointly failed to meet their duty to Plaintiff when they failed to remove architectural barriers the removal of which was readily achievable.

77. As a result, Plaintiff suffered and will suffer emotional distress, mental distress, mental suffering, mental anguish, including shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with disability being denied access to a public accommodation.

78. Each and all named Defendants' actions and/or failure to act are the direct and proximate cause of Plaintiff's damages.

## JURY DEMAND

79. Plaintiff, Sara Olson, demands a trial by jury in this action, pursuant to M.C.R. 2.508

## REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests this Court:

A.  Enter permanent injunctive relief, requiring Defendant to:

   a. Remove architectural barriers as detailed in, pursuant to the Federal Regulations implementing the ADA-AA, at 28 C.F.R. part 36; and

    b. any other injunctive relief the Court deems just appropriate;

B. Enter a declaratory judgment declaring that the Defendants' actions and failures to act violate the ADA-AA and PDCR by failing to provide the full and equal enjoyment of the services, facilities, privileges, advantages, or accommodations of a public accommodation;

C. Retain jurisdiction over this action to ensure Defendants' compliance with the Court's Orders;

D. Award Plaintiff damages, costs, and reasonable attorney fees; and

E. Order such other, further, or different relief as the Court deems equitable and just.

Respectfully submitted,

Dated: May 29, 2012

By: /s/ Chris E. Davis
CHRIS E. DAVIS (P52159)
MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.
*Attorney for Plaintiff*
4095 Legacy Parkway, Suite 500
Lansing, MI 48911
Telephone: (517) 487-1755
Facsimile: (517) 487-0827
Email: cdavis@mpas.org